# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: March 19, 2021

* * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| SCOTT TAYLOR, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 16-1403V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Damages Award; Proffer; Tetanus- |
| AND HUMAN SERVICES, | * | Diphtheria-Acellular Pertussis ("Tdap") |
| | * | Vaccine; Shoulder Injury Related to |
| Respondent. | * | Vaccine Administration ("SIRVA"). |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for petitioner.
Ronalda E. Kosh, U.S. Department of Justice, Washington, DC, for respondent.

**DECISION AWARDING DAMAGES**[1]

On October 26, 2016, Scott Taylor ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2012).[2]  Petitioner alleged that he suffered left shoulder injuries as the result of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination administered on July 13, 2015.  Petition at Preamble (ECF No. 1).  On October 20, 2020, the undersigned issued a ruling finding petitioner entitled to compensation.  Ruling on Entitlement dated Oct. 20, 2020 (ECF No. 99).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012).  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

1

On March 18, 2021, respondent filed a Proffer on Award of Compensation ("Proffer"), attached hereto as Appendix A.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  Proffer at 1-2.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the undersigned awards petitioner:

**(1) A lump sum payment of $160,097.06, representing $120,000.00 in pain and suffering, $4,718.06 in past unreimbursable expenses, and $35,379.00 in lost earnings, in the form of a check made payable to petitioner, Scott Taylor.**

Proffer at 1-2.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| SCOTT TAYLOR, ) ) ) Petitioner, ) ) v. ) ) SECRETARY OF HEALTH AND ) HUMAN SERVICES, ) ) Respondent. ) | No. 16-1403V<br>Special Master Dorsey<br>ECF |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October, 20, 2020, Special Master Dorsey issued a Ruling on Entitlement finding that the preponderance of evidence supported petitioner's claim he suffered left shoulder injuries as a result of his Tetanus-diphtheria-acellular pertussis ("Tdap") vaccine administered on July 13, 2015. Respondent now proffers the following regarding the amount of compensation to be awarded.[1]

**I.    Items of Compensation**

    A.    Pain and Suffering

Respondent proffers that petitioner should be awarded $120,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

---

[1] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(f), to seek review of the special master's October 20, 2020 ruling on entitlement, finding petitioner entitled to an award under the Vaccine Act. This right accrues following issuance of the damages decision.

B.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $4,718.06. See 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

C.  Lost Earnings

The parties agree that based upon the evidence of record, petitioner has suffered past loss of earnings. Therefore, respondent proffers that petitioner should be awarded lost earnings in the amount of $35,379.00. See 42 U.S.C. § 300aa-15(a)(3)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under See 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.  Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Special Master's decision and the Court's judgment award the following[2]: a lump sum payment of $160,097.06, in the form of a check payable to petitioner.

## III.  Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Scott Taylor:        **$160,097.06**

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

          C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

<u>s/ Ronalda E. Kosh</u>
RONALDA E. KOSH
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.: (202) 616-4476
Email: ronalda.kosh@usdoj.gov

DATED: March 18, 2021